# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| DAVID GOWEY, ) | |
| ) | Case No. 3:19-cv-45 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge H. Bruce Guyton |
| TRUE GRIP & LIGHTING, INC. ) | |
| ) | |
| *Defendant*. ) | |

## MEMORANDUM AND ORDER

Before the Court is the parties' joint motion for approval of settlement of claims under the Fair Labor Standards Act ("FLSA") (Doc. 99).

## I. BACKGROUND

Plaintiff filed this action on February 1, 2019, alleging that Defendants True Grip & Lighting, Inc. ("True Grip") and Nascar Productions, LLC violated the FLSA by failing to adequately compensate him for overtime hours he worked while employed by Defendants.[1] (*See* Doc. 1, at 5.) The parties extensively litigated this action through discovery, mediation, and summary judgment, and the Court conducted a pretrial conference on June 14, 2021. (*See* Doc. 98). On June 23, 2021, Plaintiff and True Grip filed a notice of settlement with the Court (Doc. 96), and the Court gave them up to and including July 14, 2021, to file their settlement paperwork. (Doc. 97.) Accordingly, the parties have now filed their settlement agreement with the Court, pursuant to which Defendant True Grip agrees to pay Plaintiff a total of $55,000.00 to

---

[1] The Court granted summary judgment in favor of Nascar Productions, LLC and dismissed Plaintiff's claim against it on February 12, 2021. (Doc. 83.)

resolve his claims.  (*See* Doc. 100-1, at 1–2.)  True Grip agreed to pay Plaintiff $40,000, with an additional $15,000 representing fees and expenses paid to his attorneys.  (*Id.* at 2.)  Pursuant to the agreement, Plaintiff will release all claims related to this dispute against True Grip.  (*Id.*)

II.     **STANDARD OF REVIEW**

In reviewing an FLSA settlement, courts scrutinize the proposed settlement to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Thompson v. United Stone, LLC*, No. 1:14-CV-224, 2015 WL 867988, at *1 (E.D. Tenn. Mar. 2, 2015) (citing *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

An award of attorneys' fees and costs to Plaintiff's counsel must be "reasonable under the circumstances." *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993).  The Court "must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved." *Id.*  Two methods may be used, the percentage-of-the-fund method and the lodestar method, and the Court must consider which method is more appropriate for the particular case.  *Id.*  The lodestar method calculates the number of hours reasonably expended by a reasonable hourly rate, while the percentage-of-the-fund method better accounts for the attorneys' success.  *Id.*

Courts often also consider the following factors: "(1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides." *Moulton v. U.S. Steel*

*Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (quoting *Bowling v. Pfizer, Inc.,* 102 F.3d 777, 780 (6th Cir. 1996)).

III. ANALYSIS

The Court **FINDS** that the proposed settlement of $40,00.00 in backpay and liquidated damages for Plaintiff's uncompensated overtime work is a fair and reasonable resolution of a bona fide dispute. The Court further **FINDS** that attorney's fees and costs of $15,000.00 are reasonable and appropriate under the circumstances. Accordingly, the motion (Doc. 99) is **GRANTED**, and the settlement agreement (Doc. 100-1) is **APPROVED**. The Court will **DISMISS WITH PREJUDICE** this action.

IV. CONCLUSION

For the reasons above, the Court **GRANTS** the motion (Doc. 99) and hereby:

1. **APPROVES** the settlement agreement for an amount of $40,000.00 of backpay and liquidated damages for Plaintiff's uncompensated overtime work, to be disbursed as provided in the agreement;
2. **AWARDS** reasonable attorney's fees and expenses to Plaintiff's counsel in the amount of $15,000.00; and
3. **DISMISSES** this action **WITH PREJUDICE**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**